UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:12-CV-00617-BR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| RICARDO R. RIGBY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the government's motion for summary judgment. (DE # 10.) The Clerk provided notice of the motion to defendant. (DE # 12.) Defendant has not filed a response to the motion.

At some time prior to April 2005 and continuing through the majority of 2007, defendant received Social Security Administration ("SSA") disability benefits. (See Mem., Exs. A-B, DE ## 11-2, 11-3.) By letter dated 23 April 2008, the SSA notified defendant that as of February 2008, he no longer qualified for benefits and that he had been overpaid benefits in the amount of $45,321.00. (Id., Ex. C, DE # 11-4.) The notice further stated that defendant had the right to request reconsideration of the overpayment determination and to request a waiver of the overpayment. (Id.) Although "[a] protest for reconsideration was posted to [his] account," it appears that he did not submit a formal request for reconsideration on SSA Form 561, and on 19 September 2009, the SSA "dismissed" the reconsideration. (Id., Ex. D, DE # 11-5.) Defendant did, however, submit a formal request for waiver of the overpayment, which the SSA denied on 24 May 2010. (Id., Exs. E, F, DE ## 11-6, 11-7.) In October 2011, defendant formally

requested reconsideration of that decision. (Id., Ex. G, DE # 11-8.) By letter dated 1 March 2012, the SSA notified defendant that he still owed $21,161.80 for overpayment of benefits. (Id., Ex. H, DE # 11-9.) That letter also informed defendant, "Please consider this claim reconsidered on the affirmed overpayment amount of $21,161.80." (Id.)

On 21 September 2012, the government filed the instant action to recover the amount of $21,161.80 in overpaid benefits. (Compl., DE # 1.) On 19 October 2012, the Clerk received and filed a letter from defendant in which he requests that "the entire $45,321 claimed amount be waived due to" the government's purported miscalculations and misrepresentations.[1] (DE # 5.)

In considering the government's motion for summary judgment, the court "view[s] all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." T-Mobile Ne. LLC v. City Council of City of Newport News, Va., 674 F.3d 380, 385 (4th Cir. 2012) (quotation and citation omitted). "Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Id.

> The Social Security Act provides that "[w]henever the Commissioner . . . finds that more or less than the correct amount of payment has been made to any person under this subchapter, proper adjustment or recovery shall be made." 42 U.S.C. § 404(a)(1). A person who is overpaid is generally required to repay the excess amount, 42 U.S.C. § 404(a)(1)(A), except that "there shall be no adjustment to payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience." 42 U.S.C. § 404(b). But even if "the Administration may have been at fault in making the overpayment, that fact does not relieve the overpaid individual . . . from liability for repayment if such individual is not without fault."

---

[1] According to defendant, he has paid $24,159.20 of the $45,321.00 that the SSA originally claimed he owed. (Ans., DE # 5.) The government does not contest this representation. (Mem., DE # 11, at 5.)

2

> 20 C.F.R. § 404.507.
> The overpaid individual has the burden of proving that he was without fault. *Anderson v. Sullivan*, 914 F.2d 1121, 1122 (9th Cir. 1990). The individual is at fault if "the facts show that the incorrect payment" resulted from:
>> (a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or
>> (b) Failure to furnish information which he knew or should have known to be material; or
>> (c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.
>
> 20 C.F.R. § 404.507. "In determining whether an individual is at fault, the [SSA] will consider all pertinent circumstances, including the individual's age and intelligence, and any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) the individual has." *Id.*

Robson v. Astrue, No. 3:09-CV-2553-MBS, 2011 WL 4434040, at *5 (D.S.C. Sept. 22, 2011) (alteration and omissions in original).

In his 19 October 2012 letter to the court, defendant does not contest the fact that he was overpaid benefits or the SSA's calculation of the amount he overpaid; rather, he appears to seek a waiver of the overpayment pursuant to 42 U.S.C. § 404(b). The court itself cannot order any overpayment waived. It is the SSA that determines in the first instance whether to grant a waiver. See 42 U.S.C. § 404(b). An individual aggrieved by any final SSA decision made after a hearing may seek judicial review of that decision by commencing a civil action in the appropriate United States district court within 60 days of notice of the decision. Id. § 405(g). Defendant never sought review of the waiver decision beyond reconsideration. Arguably, defendant may not challenge the waiver decision now by way of a defense to the government's action to recover the overpayment. See United States v. Winterfeldt, 820 F. Supp. 1143, 1145 (E.D. Wis. 1993) (holding that in the government's action to collect overpaid SSA benefits, the

3

defendant was bound by the administrative law judge's decision denying the defendant's waiver request because he did not pursue court review of that decision under § 405(g)).  But see United States v. Smith, 482 F.2d 1120, 1123-24 & n.5 (8th Cir. 1973) (holding that the hearing examiner's waiver decision– adverse to the defendant– was subject to being "reopened" in the government's overpayment action, even though the defendant did not seek judicial review of the decision under § 405(g)).  Fortunately, the court need not resolve that issue as the court concludes that, even if defendant can challenge in this action the SSA's decision denying his request for waiver, that decision is supported by substantial evidence.  See Robson, 2011 WL 4434040, at *4 (reviewing whether the SSA's factual findings are supported by substantial evidence, which is "defined as 'evidence which a reasoning mind would accept as sufficient to support a particular conclusion,' or 'more than a mere scintilla but . . . . somewhat less than a preponderance'" (quoting Shivley v. Heckler, 739 F.2d 987, 989 (4th Cir. 1981) (omission in original))).

      The SSA explains its rationale for denying defendant's waiver request:

> We cannot find you without fault for causing this overpayment. We reviewed your work in May of 2004 and September of 2005 in which you were mailed decision notices explaining in detail how work affects your benefits.  You returned to work over the allowable limits in December of 2005.  You allege reporting this work, but we cannot locate any evidence of this report.  Furthermore, we did not learn of your work until April of 2007 when [we] received an anonymous report that you were working.  Though you received notices that we increased your benefit after you worked, this does not make you without fault.  Those notices are computer generated based on annual income we receive from your employer's W-2 information.  These notices do not trigger a work review.  It is your responsibility to notify Social Security of your work AND to not spend money that you should have known you were not due.
> Because we sent you detailed letters in May of 2004 and

> September of 2005 explaining the work limits, you should have
> known that you were not due your Social Security Disability
> checks. Therefore, we cannot find you without fault for causing
> this overpayment and you must pay it back.

(Mem., Ex. F., DE # 11-7.) Defendant has offered no evidence to contradict this explanation. The court finds that the SSA's denial of the waiver is supported by substantial evidence.

As recognized previously, defendant does not challenge the amount of the overpayment. At any rate, defendant has not offered evidence to contradict the Certificate of Indebtedness, which the SSA issued, certifying under penalty of perjury that defendant owes the United States the sum of $21,161.80. (See Compl., Ex. A, DE # 1-1.)

For the foregoing reasons, the motion for summary judgment is ALLOWED. It is hereby ORDERED, ADJUDGED, and DECREED that the United States of America shall have and recover of defendant Ricardo R. Rigby the sum of $21,161.80. The Clerk is DIRECTED to enter judgment accordingly and close this case.

This 3 December 2013.

                                          W. Earl Britt
                                          Senior U.S. District Judge